# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOHN HENRY FREDERICK,**

　　**Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　**Case No.  4:20cv218-MW-MAF**

**WAKULLA CORRECTIONAL INSTITUTION ADMINISTRATION AND STAFF WORKERS, et al.,**

　　**Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a hand-written complaint, ECF No. 1, in which complains about the negligent and unprofessional manner in which two prison officials conducted a search in B1-dormitory on April 13, 2020.  Plaintiff contends that approximately 65-70 inmates were forced into a "36-person capacity dayroom with two inmates" who, Plaintiff contends, have "COV-19 flu like" symptoms - coughing, sneezing, and a runny nose.  *Id.* at 1-2.  Plaintiff requests monetary damages and injunctive relief.  *Id.* at 2.

Plaintiff also filed a motion requesting the appointment of counsel. ECF No. 2.  However, Plaintiff did not file a motion seeking in forma pauperis status, nor did Plaintiff pay the filing fee to proceed with this case.

There is, however, no need to extend time for Plaintiff to correct deficiency because this case cannot proceed.  Plaintiff is incarcerated within the Florida Department of Corrections and his complaint is a shotgun pleading, complaining about numerous issues.  Plaintiff does not assert that he is in imminent danger of serious physical injury.  Indeed, Plaintiff has clarified that he has not even attempted to seek medical attention for his concerns over having been infected with the coronavirus.  Plaintiff has also stated that he has not filed any grievances about this issue.

A prisoner civil rights case cannot "be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The requirement to exhaust administrative remedies is mandatory and cannot be waived.  Thus, Plaintiff's complaint cannot proceed.

Moreover, Plaintiff's complaint is primarily challenging the allegedly negligent actions of Sergeant Harvel and Captain Sawsey.  A claim for

negligence is insufficient to state a claim. To the degree Plaintiff *could* assert an Eighth Amendment claim based on that event, he has not done so. Furthermore, Plaintiff has not been denied medical care because he never sought such care. Thus, Plaintiff has not alleged the violation of his constitutional rights.

More importantly, Plaintiff has not alleged that he faces imminent danger of serious physical injury. Judicial notice is taken that Plaintiff has previously filed prior actions which have been dismissed on the grounds that they were frivolous, malicious, failed to state a claim, or sought monetary relief from a Defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff previously filed case number 6:18cv694-GAP-GJK in the Middle District of Florida.[1] It was dismissed in June 2018 for failure to state a claim. ECF Nos. 9-10 of that case. Similarly, Plaintiff also filed case number 6:17cv349-PGB-KRS in the Middle District of Florida. That case was dismissed in March 2017 because Plaintiff sought monetary damages from a federal judge (Judge Roy B. Dalton, Jr.) because the judge

---

[1] The Court has confirmed that each case cited was filed by the same Plaintiff, John Henry Frederick, with D.O.C. inmate number R17753.

Case No. 4:20cv218-MW-MAF

dismissed one of Plaintiff's prior cases.  Since a judge has absolute judicial immunity and cannot be sued for damages, the case was summarily dismissed for failure to state a claim.  ECF Nos. 3-4 of that case.  In addition, Plaintiff filed case number 4:18cv482-WS-HTC which was dismissed in the Northern District of Florida in late March 2019 as malicious and an abuse of the judicial process because Plaintiff did not disclose all of his prior cases.  ECF Nos. 18-29 of that case.  Thus, Plaintiff has had at least three cases dismissed for reasons listed in 28 U.S.C. § 1915(e)(2)(B).

Furthermore, Plaintiff attempted to proceed in another case, 4:19cv332-AW-CAS, in this Court without paying the filing fee or submitting an in forma pauperis motion.  That case was summarily dismissed under 28 U.S.C. § 1915(g) because Plaintiff is not entitled to proceed with in forma pauperis status and he did not show that he is currently facing imminent danger as required by 28 U.S.C. § 1915(g).[2]  The same result is

---

[2] That statute provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 if he "has, on 3 or more occasions . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

Case No. 4:20cv218-MW-MAF

appropriate in this case. The complaint lacks a clear statement of facts to show that Plaintiff is currently in danger of serious physical injury.

This case should be summarily dismissed because Plaintiff has had three prior cases dismissed which count as "strikes" and he has not shown that he faces imminent danger of serious physical injury. Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $400.00 filing fee at the time of case initiation. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner cannot simply pay the filing fee after being denied in forma pauperis status." Id. Should Plaintiff contend that he is in imminent danger of serious physical injury, Plaintiff must initiate a new case, limited to only such an allegation, and either pay the filing fee or file an appropriate in forma pauperis motion simultaneously with his complaint.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $400.00 filing fee because Plaintiff is not facing imminent danger. It is further recommended that all pending motions be **DENIED**, and the Order adopting this Report and Recommendation should direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on April 30, 2020.

S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:20cv218-MW-MAF